Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN J. THARP, JR. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6094 | **DATE** | 8/7/2012 |
| **CASE TITLE** | Javonte L. Davis (#2012-0704025) vs. Cook County Jail | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is denied, with leave to renew. The plaintiff is granted thirty days in which either to file a properly completed *in forma pauperis* application on the enclosed form with the information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee. The plaintiff must also show cause why this case should not be dismissed without prejudice for failure to exhaust administrative remedies prior to filing suit. Failure of the plaintiff to comply with these directives within thirty days will result in summary dismissal of this case. The clerk is directed to send the plaintiff an *in forma pauperis* application along with a copy of this order.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that he has received inadequate medical care for an insect bite.

The clerk has accepted this *pro se* civil rights complaint for docketing pursuant to Fed. R. Civ. P. 5(e) even though it was not submitted in compliance with federal statutes and the rules of this court. The plaintiff's application to proceed *in forma pauperis* is not certified by a jail or prison official and does not include trust fund ledgers reflecting his income for the past six months. *See* 28 U.S.C. § 1915(a)(2). If the plaintiff wishes to proceed with this case *in forma pauperis*, he must file a signed i.f.p. application on the court's required form, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the six months preceding the filing of this lawsuit [that is, from February 2, 2012, through August 2, 2012]. A jail official must complete and sign the part of the form captioned "Certificate" on the back of the i.f.p. application. In the alternative, the plaintiff may pay the full $350 statutory filing fee.

The plaintiff must also show cause why the complaint should not be summarily dismissed on preliminary review for failure to exhaust administrative remedies prior to filing suit. The Prison Litigation Reform Act **(CONTINUED)**

mjm

| STATEMENT  (continued) |
|---|

contains a comprehensive administrative exhaustion requirement.  Under that statute, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997(e)(a); *see also Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Booth v. Churner,* 531 U.S. 956 (2001).  "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983."  *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001).  Although non-exhaustion is generally an affirmative defense, dismissal on the pleadings is proper where they establish a failure to exhaust administrative remedies.  *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *see also Booth v. Churner,* 532 U.S. 731 (2001).

In this case, the plaintiff is suing over the quality of the medical treatment he has received for an insect bite that occurred on, or shortly before, July 18, 2012.  The complaint is dated and signed on July 27, 2012.  It is highly unlikely that the plaintiff could have exhausted administrative remedies so quickly.  This lawsuit therefore seems to be premature.

The court cannot simply stay this case pending final disposition of the inmate grievance process.  "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intraprison remedies before judgment."  *Perez v. Wis. Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Porter v. Nussle*, 534 U.S. 516, 525 (2002); *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

For the foregoing reasons, the plaintiff must, within thirty days of the date of this order: (1) **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee; and (2) show good cause in writing why the complaint should not be dismissed for failure to exhaust administrative remedies prior to seeking relief in federal court.

The clerk will provide the plaintiff with an *in forma pauperis* application along with a copy of this order.  If the plaintiff fails to comply with the above directives within thirty days, the court will dismiss the case, on the understanding that plaintiff does not wish to pursue his claims at this time.  The plaintiff is advised that he is required to provide the court with the original plus a judge's copy of every document filed.